IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 13, 2002 Session

**M.P.P., ET AL. v. D.L.K.
IN RE:  C.E.P.**

**Appeal from the Chancery Court for Anderson County**
**No. 00CH0609      William E. Lantrip, Chancellor**

**FILED MARCH 26, 2002**

**No. E2001-00706-COA-R3-CV**

The stepfather, M.P.P. ("Stepfather"), and the biological mother, A.P.P. ("Mother"), of a minor child ("Child") filed a petition to terminate the parental rights of the Child's biological father, D.L.K. ("Father"), so that Stepfather could adopt the Child.  When the Child was 17 months old, Father received a 130-month prison sentence.  The Trial Court granted partial summary judgment as a matter of law to Mother and Stepfather and terminated Father's parental rights.  Father appeals.  We affirm, in part, and vacate, in part, and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed, in part, and Vacated, in part; Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

Josephine D. Clark, Oak Ridge, Tennessee, for the Appellant, D.L.K.

N. David Roberts, Jr., Knoxville, Tennessee, for the Appellees, M.P.P. and A.E.P.

## OPINION

## Background

Stepfather and Mother of the Child filed a petition ("Petition") in July 2000, seeking to terminate the parental rights of Father. In the Petition, Stepfather also sought to adopt the Child, who was approximately six years old when the Petition was filed. In August 1995, when the Child was approximately 17 months old, Father received a jail sentence of 130 months for a conviction of bank robbery by force, violence, and intimidation. Father was incarcerated in federal prison in Kentucky when the Petition was filed. Mother and Father never married, but the paternity of the Child is not disputed.

In support of their Petition, Mother and Stepfather alleged, as grounds for termination of Father's parental rights, that Father had abandoned the Child and that in August 1995, Father received a sentence of more than ten years when the Child was under the age of eight years. Mother and Stepfather also alleged in the Petition that termination of Father's parental rights would serve the Child's best interests.

Father responded to the Petition with an Answer and Supplemental Answer, denying that terminating his parental rights would serve the Child's best interests. Father alleged that, prior to his incarceration, he provided financial support to Mother and the Child. Father also claimed that since his incarceration, he had attempted to provide support and maintain contact with the Child but his attempts had been rebuffed by Mother, Stepfather, and the Child's maternal grandparents.

Mother and Stepfather then filed a Motion for Summary Judgment.[1] This motion was filed before the parties engaged in any discovery. In their brief filed in support of their motion, Mother and Stepfather argued they were entitled to judgment as a matter of law because the undisputed material facts established grounds for terminating Father's parental rights under Tenn. Code Ann. § 36-1-113(g)(6), due to the length of Father's sentence and the Child's age at the time of Father's sentencing.

In support of the Motion for Summary Judgment, Mother filed an affidavit and Tenn.R. Civ. P. 56.03 statement of undisputed material facts. Mother alleged, in her affidavit, that Father did not support her financially either during her pregnancy or after the birth of the Child and that Father did not provide health insurance coverage to her or the Child. Mother stated, in her affidavit, that the Child only had contact with Father for a period of less than six months during the first year of the Child's life and that Father's arrest occurred when the Child was approximately one year old. Father had been incarcerated since that time. In their Rule 56.03 statement, Mother and Stepfather stated it was undisputed that Father was convicted of bank robbery by force, violence, and

---

[1] Although Mother's and Stepfather's motion is captioned "Motion for Summary Judgment," the motion actually seeks partial summary judgment since it does not address Stepfather's request to adopt the Child.

intimidation, and received a sentence of 130 months in 1995. Mother stated in her affidavit that Father never had acted as a parent to the Child in a meaningful way. Mother also stated Stepfather had acted as the Child's father since she and Stepfather married in April 1996. In their Rule 56.03 statement and in Mother's affidavit, Mother and Stepfather further stated that the Child's best interests would be served by allowing Stepfather to adopt the Child.

Father's response to the Motion for Summary Judgment contended there were genuine issues of material fact which precluded a grant of judgment as a matter of law to Mother and Stepfather. In addition to his affidavit, Father filed both a reply statement to Mother's and Stepfather's Rule 56.03 statement and a statement containing additional undisputed facts (collectively "Rule 56.03 reply statements"). Father alleged, in his Rule 56.03 reply statements and in his affidavit, he had provided financial support during Mother's pregnancy and after the Child's birth. Father further stated he believed that his health insurance was used for the benefit of the Child prior to his incarceration.

In addition, Father stated in his affidavit that, during his incarceration, he attempted to send money to the Child's maternal grandparents to be used for the Child's benefit but the money was returned to Father. Father also stated in his affidavit that, during his incarceration, he attempted to maintain contact with the Child through correspondence and telephone calls, but had been denied any contact with the Child by Mother and Stepfather. Father further stated in his affidavit that he was sentenced in 1995, to 130 months with 85% to be served and that his projected release date was September 2004. Father stated he had two pending petitions, one seeking a writ of habeas corpus and one requesting that his sentence be vacated, set aside, or corrected. Father denied it was in the Child's best interests to be adopted by Stepfather.

The Trial Court's Opinion granting judgment as a matter of law to Mother and Stepfather stated, in its entirety, as follows:

> I have reviewed the pleadings and argument of counsel. I am of the opinion that this is an appropriate case for Summary Judgment.
>
> The Court finds that there exists a basis to terminate the father's rights. Since at the time of this hearing he was incarcerated in prison for a period of 130 months the statutory basis for termination exists. I further find that termination of the father's rights would be in the best interest of this child.
>
> Summary Judgment is granted. . . .

The Opinion addressed neither Mother's and Stepfather's remaining ground to terminate Father's parental rights, abandonment, nor Stepfather's request to adopt the Child.

-3-

Father appeals. While the Trial Court's Opinion is not a final judgment from which an appeal lies because the Opinion did not address Stepfather's request to adopt the Child, we will, however, treat this matter as a Tenn. R. App. P. 10 appeal. *See* Tenn. R. Civ. P. 54.02. We affirm, in part, and vacate, in part, and remand.

## Discussion

On appeal and although not exactly stated as such, Father contends the Trial Court erred in granting partial judgment as a matter of law to Mother and Stepfather, raising the following issues: (1) whether the Trial Court erred in finding that grounds for terminating Father's parental rights were established by clear and convincing evidence; and (2) whether the Trial Court erred in finding that the best interests of the Child would be served by terminating Father's parental rights. Mother and Stepfather, of course, do not dispute the Trial Court's grant of partial judgment as a matter of law to them and raise no additional issues on appeal.

Our Supreme Court outlined the standard of review of a motion for summary judgment in *Staples v. CBL & Assoc.*, 15 S.W.3d 83 (Tenn. 2000):

> The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn.1997); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn.1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn.1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn.1993). The moving party has the burden of proving that its motion satisfies these requirements. *See Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn.1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall*, 847 S.W.2d at 215.
>
> To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn.1998); *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn.1997). If the moving party fails to negate a claimed basis for the suit,

the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d at 588; *Robinson v. Omer*, 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn.1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn.1995).

*Staples*, 15 S.W.3d at 88-89. A fact is "material" for summary judgment purposes, if it must be decided in order "to resolve the substantive claim or defense at which the motion is directed." *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999) (citing *Byrd v. Hall*, 847 S.W.2d at 211).

It is well-established that "parents have a fundamental right to the care, custody, and control of their children." *In re Drinnon*, 776 S.W.2d 96, 97 (Tenn. Ct. App. 1988) (citing *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972)). "However, this right is not absolute and parental rights may be terminated if there is clear and convincing evidence justifying such termination under the applicable statute." *Id.*

Termination of parental or guardianship rights must be based upon a finding by the court by clear and convincing evidence that: (1) the grounds for termination of parental or guardianship rights have been established; and (2) termination of the parent's or guardian's rights is in the best interests of the child. Tenn. Code Ann. § 36-1-113(c). This Court discussed the "clear and convincing evidence" standard in *O'Daniel v. Messier,* 905 S.W.2d 182 (Tenn. Ct. App. 1995), as follows:

The "clear and convincing evidence" standard defies precise definition. *Majors v. Smith,* 776 S.W.2d 538, 540 (Tenn. Ct. App. 1989). While it is more exacting than the preponderance of the evidence standard, *Santosky v. Kramer,* 455 U.S. at 766, 102 S. Ct. at 1401; *Rentenbach Eng'g Co. v. General Realty Ltd.,* 707 S.W.2d 524, 527 (Tenn. Ct. App. 1985), it does not require such certainty as the beyond a reasonable doubt standard. *Brandon v. Wright,* 838

S.W.2d 532, 536 (Tenn. Ct. App. 1992); *State v. Groves,* 735 S.W.2d 843, 846 (Tenn. Crim. App. 1987).

> Clear and convincing evidence eliminates any serious or substantial doubt concerning the correctness of the conclusions to be drawn from the evidence. *See Hodges v. S. C. Toof & Co.,* 833 S.W.2d 896, 901 n. 3 (Tenn. 1992). It should produce in the fact-finder's mind a firm belief or conviction with regard to the truth of the allegations sought to be established. *In re Estate of Armstrong*, 859 S.W.2d 323, 328 (Tenn. Ct. App. 1993); *Brandon v. Wright,* 838 S.W.2d at 536; *Wiltcher v. Bradley,* 708 S.W.2d 407, 411 (Tenn. Ct. App. 1985).

*O'Daniel v. Messier,* 905 S.W.2d at 188.

The grounds for termination of parental rights are set forth in Tenn. Code Ann. § 36-1-113(g). While Mother's and Stepfather's Petition alleged a number of grounds for terminating Father's parental rights, the Trial Court's Opinion and this appeal concern only the length of Father's sentence as the sole ground for terminating Father's parental rights. While not specifically cited in the Opinion, Tenn. Code Ann. § 36-1-113(g)(6) is the statute upon which the Trial Court apparently relied in making its determination. Tenn. Code Ann. § 36-1-113(g)(6) provides as follows:

> (g) Initiation of termination of parental or guardianship rights may be based upon any of the following grounds: . . .
>
> (6) The parent has been confined in a correctional or detention facility of any type, by order of the court as a result of a criminal act, under a sentence of ten (10) or more years, and the child is under eight (8) years of age at the time the sentence is entered by the court.

The record on appeal shows it is undisputed that in August 1995, when the Child was approximately 17 months old, Father was sentenced to serve 130 months, or 10 years and 10 months, for bank robbery by force, violence, and intimidation. On appeal, Father contends that Mother and Stepfather did not establish, by clear and convincing evidence, the ground for termination of his parental rights provided by Tenn. Code Ann. § 36-1-113(g)(6). Father contends the proof is insufficient because, due to good behavior, Father will not serve his full sentence of 130 months, and his projected release date is September 2004. Father also points to the post-conviction relief he is seeking which, if successful, will make his sentence less than 10 years.

This Court addressed this issue in *In re Copeland*, 43 S.W.3d 483 (Tenn. Ct. App. 2000). The biological father in *In re Copeland* was disputing a petition to terminate his parental rights and to adopt his minor children. *Id.* at 485. The trial court terminated the father's parental rights on several grounds, including the length of the father's prison sentence under Tenn. Code Ann.

§ 36-1-113(g)(6). On appeal, the father argued the trial court failed to take into account the possibility of father's parole. *Id.* at 489. This Court rejected the father's argument, holding as follows:

> We agree with the petitioners that the trial court did not err in its application of T.C.A. § 36-1-113(g)(6). The elements of the statute are clearly satisfied. . . . When [the father] was sentenced to 29 years in prison, his children were both under the age of eight. *The statute is silent as to the possibility of parole, and we decline to read any intent on the part of the legislature to account for a mere possibility of early discharge from prison. The evidence does not preponderate against the trial court's finding that, upon clear and convincing evidence, the requirements of the statute have been met.* We therefore find and hold that the trial court was correct in finding a basis for terminating Father's parental rights under the provisions of T.C.A § 36-1-113(g)(6) (Supp. 1999).

*Id.* (emphasis added).

Father attempts to distinguish his circumstances from that of the father's in *In re Copeland*, arguing that the father in *In re Copeland* had the mere possibility of parole, while Father is certain he will not serve his full 130-month sentence since he will be released after serving less than ten years due to good behavior. The language of the statute, however, clearly shows that the statute's applicability hinges not upon *time served*, but rather the *length of sentence and the age of the minor child* at the time of the parent's sentence. *See id.*; Tenn. Code Ann. § 36-1-113(g)(6). As discussed, the record shows it is undisputed that, when Father received his 130-month sentence, the Child was 17 months old. In light of the language of the statute itself and this Court's holding in *In re Copeland*, Father's argument fails. Accordingly, we hold that the Trial Court properly granted judgment as a matter of law to Mother and Stepfather on this issue because the undisputed material facts establish the ground for termination of Father's parental rights under Tenn. Code Ann. § 36-1-113(g)(6).

We next review Father's remaining issue on appeal regarding whether or not the Trial Court erred in finding that Mother and Stepfather were entitled to judgment as a matter of law on the issue of whether terminating Father's parental rights would serve the Child's best interests. As discussed, before a person's parental rights may be terminated, it must be established, by clear and convincing evidence, that grounds for termination exist and that termination would serve the best interest of the child. Tenn. Code Ann. § 36-1-113(c). Tenn. Code Ann. § 36-1-113(i) describes the factors used to determine whether termination is in the best interests of the child in such cases:

> (i)    In determining whether termination of parental or guardianship rights is in the best interest of the child pursuant

to this part, the court shall consider, but is not limited to, the following:

(1)     Whether the parent or guardian has made such an adjustment of circumstance, conduct, or conditions as to make it safe and in the child's best interest to be in the home of the parent or guardian;

(2)     Whether the parent or guardian has failed to effect a lasting adjustment after reasonable efforts by available social services agencies for such duration of time that lasting adjustment does not reasonably appear possible;

(3)     Whether the parent or guardian has maintained regular visitation or other contact with the child;

(4)     Whether a meaningful relationship has otherwise been established between the parent or guardian and the child;

(5)     The effect a change of caretakers and physical environment is likely to have on the child's emotional, psychological and medical condition;

(6)     Whether the parent or guardian, or other person residing with the parent or guardian, has shown brutality, physical, sexual, emotional or psychological abuse, or neglect toward the child, or another child or adult in the family or household;

(7)     Whether the physical environment of the parent's or guardian's home is healthy and safe, whether there is criminal activity in the home, or whether there is such use of alcohol or controlled substances as may render the parent or guardian consistently unable to care for the child in a safe and stable manner;

(8)     Whether the parent's or guardian's mental and/or emotional status would be detrimental to the child or prevent the parent or guardian from effectively providing safe and stable care and supervision for the child; or

> (9)     Whether the parent or guardian has paid child support consistent with the child support guidelines promulgated by the department pursuant to § 36-5-101.

Tenn. Code Ann. § 36-1-113(i).

For Mother and Stepfather to prevail on their Motion for Summary Judgment, they were required to show there were no genuine issues of material fact and they were entitled to judgment as a matter of law. *See Staples v. C.B.L. & Assoc.*, 15 S.W.3d at 88. The only proof contained in the record on appeal consists of the competing affidavits of Mother and Father. Mother's and Father's affidavits are in sharp dispute with respect to the extent of Father's contact with the Child and his financial contributions to the support of the Child. While Mother claims Father has had almost no contact with the Child and has provided no financial support, Father claims that prior to his incarceration, he had contact with the Child and provided financial support to Mother and the Child. Father also claims that since his incarceration, he has attempted to maintain contact with the Child through mail and telephone calls and provide financial support to the Child. Father claims that these attempts, however, have been blocked by Mother, Stepfather, and the Child's maternal grandparents.

Mother and Stepfather argue on appeal that the Trial Court, when faced with these conflicting affidavits, must have found Mother's affidavit to be more credible than Father's affidavit and that this determination of credibility is afforded great weight on appeal. This Court addressed the issue of whether a trial court should grant summary judgment when faced with a factual dispute, stating as follows:

> Summary judgments should not be used to find facts, to resolve factual disputes, or to choose among various permissible factual inferences. . . . Thus, courts should not weigh evidence in summary judgment proceedings, . . . and likewise, they should not make credibility determinations. . . .

*Burgess v. Harley*, 934 S.W.2d 58, 66 (Tenn. Ct. App. 1996) (citations omitted). Accordingly, we find that Mother's and Stepfather's argument fails since the Trial Court was neither to weigh the evidence nor make credibility determinations as to the conflicting affidavits in this motion for partial summary judgment. *See id.*

Mother's and Father's affidavits and respective Rule 56.03 statements show that genuine issues of material fact exist regarding matters pertinent to a number of factors outlined by Tenn. Code Ann. § 56-1-113(i). *See* Tenn. Code Ann. §§ 36-1-113(i)(3), (4), (6) & (9). Since Mother's and Father's affidavits create a genuine issue of material fact regarding whether termination of Father's parental rights would be in the best interest of the Child, the Motion for Summary Judgment should have been denied. Accordingly, we hold it was error to grant partial

summary judgment as a matter of law to Mother and Stepfather on the issue of whether the Child's best interests would be served by terminating Father's parental rights. We vacate the Trial Court's grant of partial summary judgment as a matter of law to Mother and Stepfather on this issue only. On remand, the Trial Court is, through appropriate proceedings, to determine whether terminating Father's parental rights would be in the Child's best interests, and to enter an order within 30 days of the hearing's conclusion containing specific findings of fact and conclusions of law as required by Tenn. Code Ann. § 36-1-113(k).

### Conclusion

The judgment of the Trial Court is affirmed, in part, and vacated, in part, and this cause is remanded to the Trial Court for such further proceedings as required consistent with this Opinion, and for collection of the costs below. The costs on appeal are assessed equally against the Appellant, D.L.K., and his surety, and the Appellees, M.P.P. and A.E.P.

_____
D. MICHAEL SWINEY, JUDGE